GIBSON, DUNN & CRUTCHER LLP
CHRISTOPHER CHORBA, SBN 216692
   cchorba@gibsondunn.com
WILLIAM E. THOMSON, SBN 187912
   wthomson@gibsondunn.com
333 South Grand Avenue
Los Angeles, California  90071-3197
Telephone:   213.229.7000
Facsimile:   213.229.7520

Attorneys for Defendant
WHALECO INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JOSEPH MARQUEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TEMU.COM, a Delaware Corporation; PDD HOLDINGS, INC., f/k/a PINDUODUO, INC., a Delaware Corporation; WHALECO INC., a Delaware Corporation; ANHUI KANGFUBAO E-COMMERCE CO., LTD., business entity, form unknown; and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO.<br><br>**NOTICE OF REMOVAL**<br><br>Date:    October 18, 2024 |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Whaleco Inc. ("Whaleco") hereby removes to the United States District Court for the Eastern District of California the above-captioned state court action, originally filed as Case No. 24CECG03494 in Fresno County Superior Court, State of California. Removal is proper on the following grounds:

## I.    TIMELINESS OF REMOVAL

1. On August 14, 2024, Plaintiff Robert Joseph Marquez filed an unverified complaint in the Superior Court of the State of California, County of Fresno, titled *Marquez v. Temu.com, et al.*, Case No. 24CECG03494.

2. On September 19, 2024, Plaintiff served copies of the summons, civil case cover sheet, Complaint, and notice of case management conference on Whaleco's agent for service of process. Copies of these documents, as well as the other case filings, are attached as Exhibits A through E to this Notice of Removal.

3. Because this Notice of Removal is filed within 30 days of service of the summons and complaint, it is timely under 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999); *Anderson v. State Farm Mut. Auto. Ins. Co.*, 917 F.3d 1126, 1128 n.2 (9th Cir. 2019).

## II.    SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL

4. In the Complaint, Plaintiff alleges that his "feet sustained severe burn injury and damage" from a product sold on temu.com, "resulting in the amputation of all of his toes from his left foot." Compl. ¶¶ 12, 16. He alleges that these injuries were "severe, traumatic, debilitating, and permanent." *Id.* ¶ 18. Plaintiff asserts five claims, including: (1) negligent failure to warn; (2) negligent products liability; (3) strict products liability; (4) breach of the implied warranty of merchantability; and (5) negligent misrepresentation.

5. Plaintiff seeks damages for "past and future physical, mental, and emotional pain and suffering"; "past and future hospital, medical, professional, and incidental expenses as well as past and future loss of earnings, loss of opportunity, and loss of earning capacity"; "punitive damages"; the "cost

of suit"; and "other losses." Compl., prayer.

6. Whaleco denies that liability or damages can be established as to Plaintiff. By filing this removal, Whaleco does not waive and expressly reserves all rights to move to compel individual arbitration. Further, Whaleco does not concede, and reserves the right to contest at the appropriate time, that any of Plaintiff's allegations constitutes a cause of action against it under the applicable law. Whaleco further reserves the right to challenge that it is subject to personal jurisdiction, and by filing this Notice of Removal does not consent to the jurisdiction of this Court. Whaleco further reserves the right to contest that this Court is the appropriate venue for this action, and reserves the right to establish that the laws of a state other than the forum state may govern this action. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise. Whaleco's Notice of Removal seeks only to establish the complete diversity of citizenship and that the amount in controversy based on Plaintiff's contested allegations is more likely than not in excess of Section 1332's jurisdictional minimum. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Thus, for purposes of this removal only, Whaleco assumes Plaintiff's allegations are true.

7. Removal is proper pursuant to 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and the named defendants, and the amount in controversy exceeds $75,000. Whaleco denies Plaintiff's factual allegations and denies that Plaintiff is entitled to the relief requested. However, based on the allegations in the Complaint and the prayer for relief, all requirements for federal jurisdiction under Section 1332 have been met, and this Court accordingly has original jurisdiction over this action.

A.   **There is Complete Diversity of Citizenship**

8. Plaintiff and the named defendants are "citizens of different states." 28 U.S.C. § 1332(a).

9. For diversity purposes, a person is a citizen of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). "A person's domicile is her

permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  Plaintiff alleges that, "[a]t all times relevant and mentioned herein," he "was a resident of the City of Fresno, California."  Compl. ¶ 3.  Plaintiff is therefore considered a citizen of California for purposes of removal.

10. A corporation is a citizen of its state of incorporation and the state of its principal place of business.  28 U.S.C. § 1332(c)(1).  The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities."  *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

11. Whaleco is organized under the laws of Delaware and has its principal place of business in Massachusetts.[1]  Whaleco's officers direct, control, and coordinate the corporation's activities from its Massachusetts headquarters.  Accordingly, Whaleco is a citizen of the States of Delaware and Massachusetts for the purpose of determining diversity of citizenship.  28 U.S.C. § 1332(c)(1).

12. The Complaint also names "TEMU.COM" as a defendant.  Whaleco operates the website temu.com, but Temu.Com is not a separate entity.  Although Plaintiff alleges that Temu.Com is incorporated in Delaware, Compl. ¶ 4, a search of the website of the Delaware Division of Corporations reveals no company by that name.  In determining whether an action is removable based on diversity, "the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(b)(1); *Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) (same).

13. The Complaint also names "PDD HOLDINGS, INC., f/k/a PINDUODUO, INC.," as a defendant.  PDD Holdings Inc. is incorporated in the Cayman Islands and has its principal place of business in Ireland.[2]  PDD Holdings Inc. is therefore a citizen of the Cayman Islands and Ireland for the purpose of determining diversity of citizenship.

14. The Complaint also names "ANHUI KANGFUBAO E-COMMERCE CO., LTD." as a defendant.  Anhui Kangfubao E-Commerce Co., Ltd. is incorporated in China and has its principal

---

[1] Secretary of Mass., Corporations Division, Business Entity Summary, *Whaleco Inc.*, https://corp.sec.state.ma.us/CorpWeb/CorpSearch/CorpSummary.aspx?sysvalue=DjLjvSTBz.Bd8qG 5yy16LQFDAn00Cggdb80DbLYg280- (last visited Oct. 10, 2024).

[2] United States SEC, 2023 Form 20-F, PDD Holdings Inc., https://investor.pddholdings.com/static-files/e9586d93-bb1d-4e98-af8a-4e73b62350f2 (last visited Oct. 10, 2024).

place of business in China. Information showing this entity is incorporated in China is publicly available on the Chinese government's official website. Below is a screenshot of this seller's "Store Information" from Temu.com.[3]

**Store Information**

Business Name
Anhuikangfubaodianzishangwu Co., Ltd.

Address
Room 1203, YuanshuTixiang 5Dong, Intersection of Feicui Road and Fangxing Avenue, Taohua Town, Feixi County, Hefei City, Anhui Province, China
Feixi County
231200
Anhui Province, Hefei City

Translation

Anhui Kangfubao E-Commerce Co., Ltd. is therefore a citizen of China for the purpose of determining diversity of citizenship.[4]

15. Finally, the Complaint also includes "Doe" defendants, but their presence is not relevant when determining diversity of citizenship. 28 U.S.C. § 1441(b)(1) (in determining whether an action is removable based on diversity, "the citizenship of defendants sued under fictitious names shall be disregarded"); *Soliman*, 311 F.3d 966, 971 (9th Cir. 2002) (same).

16. Accordingly, at the time the Complaint was filed and at the time of removal, there was and is complete diversity of citizenship between Plaintiff and the named defendants. *See* 28 U.S.C. § 1332(a).

**B.    The Amount in Controversy Exceeds $75,000**

17. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC*

---

[3] https://www.temu.com/---m-4447120759742.html?goods_id=601099545986682&_x_sessn_id=c2l1yuapge&refer_page_name=goods&refer_page_id=10032_1728455462932_3eahur3h2a&refer_page_sn=10032&__js_error=

[4] This entity's name appears differently on the Temu website than it does in Plaintiff's complaint due to differences in translation from the original Chinese.

*v. Owens*, 574 U.S. 81, 89 (2014). To satisfy this burden, a defendant may rely on a "reasonable" "chain of reasoning" that is based on reasonable "assumptions." *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201–02 (9th Cir. 2015). "An assumption may be reasonable if it is founded on the allegations of the complaint." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019). "[A] removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of jurisdictional elements." *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 963–64 (9th Cir. 2020). That is because "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis*, 627 F.3d at 400. A removing defendant is not required to "research, state, and prove the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204–05 (E.D. Cal. 2008).

18. In assessing whether the amount-in-controversy requirement has been satisfied, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012). In other words, "[t]he ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." *Korn*, 536 F. Supp. 2d at 1205.

19. The amount in controversy in this action exceeds the sum of $75,000, exclusive of interest and costs. Plaintiff alleges that he suffered a serious burn resulting in the "amputation of all of his toes from his left foot." Compl. ¶ 16. Plaintiff alleges that these injuries were "severe, traumatic, debilitating, and permanent." *Id.* ¶ 18. Plaintiff seeks, among other relief, damages for "past and future physical, mental, and emotional pain and suffering"; for "past and future hospital, medical, professional, and incidental expenses"; for "past and future loss of earnings, loss of opportunity, and loss of earning capacity"; and punitive damages. Compl., prayer.

20. California juries have awarded verdicts well in excess of $75,000 to plaintiffs who prevail on claims for similar injuries (i.e., amputated toes). For example:

- In 2020, a California jury awarded $615,000 in compensatory damages to a plaintiff who had a big toe amputated following a motorcycle accident. *Larson v. O'Reilly*, 2020 Jury Verdicts LEXIS 377970 (Cal. Super. Feb. 6, 2020) (Lexis Jury Verdict Summary).

- In 2000, a California jury awarded $322,000 in compensatory damages to a plaintiff who had three toes amputated after a forklift backed over his foot. *Buzila v. Tanimura & Antle, Inc.*, 2000 Jury Verdicts LEXIS 59341 (Cal. Super. June 21, 2000) (Lexis Jury Verdict Summary).

- In 1994, a California jury awarded $388,068 to a plaintiff who had two toes amputated after a negligently performed surgery. *Rosen v. Garr*, 1994 Jury Verdicts LEXIS 46759 (Cal. Super. May 1994) (Lexis Jury Verdict Summary).

21. In addition, Plaintiff seeks punitive damages. A request for punitive damages in excess of $75,000 may "satisf[y] § 1332(a)'s amount-in-controversy requirement," and "removal [is] proper," regardless of "whether [the plaintiff] is entitled to punitive damages on the merits." *Stolz v. Safeco Ins. Co. of Am.*, 798 F. App'x 52, 54 (9th Cir. 2019). In assessing punitive damages for purposes of determining the amount in controversy, courts often assume a ratio between compensatory damages and punitive damages. For instance, one court recently applied "a conservative 1:1 ratio," concluding that the plaintiff had placed double its compensatory damages in controversy by bringing a claim for punitive damages. *Molina v. Target Corp.*, 2018 WL 3935347, at *4 (C.D. Cal. Aug. 14, 2018).

22. To be sure, Defendants do not concede that Plaintiff is entitled to any damages. Rather, it references these jury awards and the ratio between compensatory and punitive damages only to establish that the amount in controversy supports removal. *See generally Grant v. Capital Mgmt. Servs., L.P.*, 449 F. App'x 598, 600 (9th Cir. 2011) ("[T]he district court [erred when it] effectively required that CMS admit liability . . . to remove the case to federal court."); *Lewis*, 627 F.3d at 400 ("To establish the jurisdictional amount, [the defendant] need not concede liability for the entire amount.").

23. Plaintiff's claimed compensatory damages here exceed $75,000, even standing alone. His request for punitive damages thus demonstrates that the amount in controversy is in excess of $75,000.

**C.   All Relevant Defendants Have Consented to Removal**

24. "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

25. On information and belief, Whaleco is the only defendant that has been served. Accordingly, Whaleco is the only defendant that needs to consent to removal.

### III.     THIS COURT HAS SUBJECT-MATTER JURISDICTION AND REMOVAL IS PROPER

26. Based on the foregoing facts and allegations, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because:

    a. This is a civil action within the meaning of 28 U.S.C. § 1332(a);

    b. The Plaintiff is not a citizen of the same state as any defendant, as required by 28 U.S.C. § 1332(a)(1); and

    c. The amount in controversy exceeds $75,000 as required by 28 U.S.C. § 1332(a).

Accordingly, this action is properly removed under 28 U.S.C. § 1441.

### IV.     VENUE

27. This action was originally filed in the Superior Court for the County of Fresno. Venue is therefore proper, in the first instance, in this district, pursuant to 28 U.S.C. § 1441(a), because this district encompasses the county in which this action has been pending. *See* 28 U.S.C. § 84(b).

### V.     NOTICE

28. In accordance with 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal in this Court, Whaleco will (i) give written notice thereof to Plaintiff, and (ii) file a copy of this Notice of Removal with the Clerk of the California Superior Court, County of Fresno, effectuating removal. Whaleco will promptly file proof of the foregoing with this Court.

29. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders served" upon Whaleco as well as other documents filed in the state court action are filed concurrently with this Notice of Removal.

Dated: October 18, 2024

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP
CHRISTOPHER CHORBA
WILLIAM E. THOMSON

By: */s/ Christopher Chorba*
    Christopher Chorba

Attorneys for Defendant WHALECO INC.