# EXHIBIT A

Alan A. Ahdoot, Esq. (State Bar No. 238594)
Christopher B. Adamson, Esq. (State Bar No. 238500)
Arash Nematollahi, Esq. (State Bar No.: 225306)
**ADAMSON AHDOOT LLP**
1122 S. La Cienega Blvd.
Los Angeles, California 90035
T: 310.888.0024
F: 888.895.4665
E: alan@aa.law
E: christopher@aa.law
E: arash@aa.law

Attorneys for Plaintiff
ROBERT JOSEPH MARQUEZ, an individual

E-FILED
8/14/2024 8:36 AM
Superior Court of California
County of Fresno
By: Maria Marselas, Deputy

# IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF FRESNO – B.F. SISK COURTHOUSE

### UNLIMITED JURISDICTION

| | |
|---|---|
| ROBERT JOSEPH MARQUEZ, an individual,<br><br>　　Plaintiff,<br><br>vs.<br><br>TEMU.COM, a Delaware Corporation; PDD HOLDINGS, INC., f/k/a PINDUODUO, INC., a Delaware Corporation; WHALECO INC., a Delaware Corporation; ANHUI KANGFUBAO E-COMMERCE CO., LTD., business entity, form unknown; and DOES 1-100, inclusive,<br><br>　　Defendants. | Case No.: 24CECG03494<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES, INCLUDING PUNITIVE DAMAGES, FOR:**<br>　1. **NEGLIGENCE – FAILURE TO WARN**<br>　2. **NEGLIGENT PRODUCTS LIABILTY**<br>　3. **STRICT PRODUCTS LIABILITY**<br>　4. **BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**<br>　5. **NEGLIGENT MISREPRESENTATION**<br><br>**PLAINTIFF'S REQUEST TRIAL BY JURY**<br><br>**DEMAND IS ABOVE $25,000.00** |

COMES NOW Plaintiff ROBERT JOSEPH MARQUEZ, an individual ("PLAINTIFF")

in this Complaint for causes of action against Defendants TEMU.COM, a Delaware Corporation;

PDD HOLDINGS, INC., f/k/a PINDUODUO, INC., a Delaware Corporation; WHALECO INC.,

---
PLAINTIFF'S COMPLAINT FOR DAMAGES ... ; DEMAND FOR JURY TRIAL

1

a Delaware Corporation; ANHUI KANGFUBAO E-COMMERCE CO., LTD., business entity, form unknown; and DOES 1-100, inclusive, and each of them, (collectively referred to as "DEFENDANTS"), complains and allege as follows:

## GENERAL ALLEGATIONS

1. The true names and capacities, whether individual, corporate, associate, governmental, or otherwise of DOES 1-100, inclusive, are unknown to PLAINTIFF at this time, who therefore sues said defendants by such fictitious names; and when the true names and capacities of said defendants are ascertained, PLAINTIFF will amend this complaint accordingly.

2. PLAINTIFF is informed, believes and thereon alleges that each of the defendants designated herein as a DOE is liable for negligence and/or liable for negligent/strict product liability, and/or negligent misrepresentation, and/or breach of warranty, and/or was in the chain of distribution (including but not limited to the manufacturers, distributors, wholesalers, retailers, marketers, supplies, and advertisers) of the defective product and/or was directly in the chain of marketing of the defective product and/or is otherwise responsible in some manner for the events and happenings herein referred to, and their negligence and/or other conduct pertaining to the incident described herein or pertaining to the defective product described herein or otherwise, proximately caused serious injuries and damages to PLAINTIFF, either through said DEFENDANTS' own conduct or through the conduct of their agents, servants, or employees, or due to their designing, manufacturing, marketing, advertising, selling, supplying, distributing causing the injury, or in some other manner.

3. At all times relevant and mentioned herein, PLAINTIFF ROBERT JOSEPH MARQUEZ, an individual, ('Plaintiff') was a resident of the City of Fresno, California, County of Fresno, California, and this Court, Fresno Superior Court, therefore, is the proper Court in which to bring this action, pursuant to California *Code of Civil Procedure* sections 395 and 396.

4. At all times relevant and mentioned herein, Defendant **TEMU.COM,** a Delaware Corporation, (hereinafter "TEMU") was and is a business entity, form unknown, doing business in the County of Fresno, State of California.

5. At all times relevant and mentioned herein, DEFENDANT **PDD HOLDINGS, INC., f/k/a PINDUODUO, INC.,** a Delaware Corporation (hereinafter "PDD HOLDINGS") was and is a corporation doing business in the County of Fresno, State of California.

6. At all times relevant and mentioned herein, DEFENDANT **WHALECO INC.,** a Delaware Corporation (hereinafter "WHALECO") was and is a Delaware corporation doing business in the County of Fresno, State of California,

7. At all times relevant and mentioned herein, Defendant **ANHUI KANGFUBAO E-COMMERCE CO., LTD.,** business entity, form unknown; (hereinafter "Defendant **ANHUI**"), business entity form unknown, doing business in the county of Fresno, the State of California.

8. PLAINTIFF is informed, believes, and thereon alleges that at all times relevant and mentioned herein, DEFENDANTS, including DOES 1 through 100, inclusive, and each of them, were the agents, servants, employees, and/or successors in interest, and/or joint venturers of their co-Defendants, and each of them was acting within the course, scope, and authority of said agency, employment, and/or venture, and that each and every DEFENDANT, as aforesaid, when acting as a principal, was negligent in the selection and hiring, retention, training and supervision of each and every other DEFENDANT as an agent, employee and/or joint venturer. Furthermore, that each said DEFENDANT, while acting as a principal, expressly directed, consented to, approved, affirmed, and ratified each and every action taken by their co-Defendants, as alleged.

9. PLAINTIFF is informed, believes, and thereon alleges that said fictitiously named DEFENDANTS, and each of them, engaged in the same or similar conduct as the named DEFENDANT, thereby proximately causing PLAINTIFF'S damages as set forth herein, either through the said fictitious Defendants' own negligent conduct or through the conduct of agents, servants, or employees, or due to their ownership, rental, use, repair, or maintenance of the product.

10. At all times mentioned herein DEFENDANTS were doing business in the State of California.

///

11. PLAINTIFF is informed, believes, and thereon alleges that at all times herein mentioned, DEFENDANTS owned, maintained, controlled, possessed, managed, and/or otherwise operated the online store/marketplace named TEMU.COM.

12. PLAINTIFF brings this action because of the serious injuries and damages sustained in connection with incident that occurred on or about April 26, 2024, when PLAINTIFF's feet sustained severe burn injury and damage from the *"1 pc, Portable Steam Sauna, Personal Home Spa Room, Steamer, Sweat Tent"* (hereinafter "SUBJECT PORTABLE STEAM SAUNA") sold, supplied, distributed, marketed, and advertised by TEMU.COM.

13. On or about April 19, 2024, SUBJECT PORTABLE STEAM SAUNA was listed for sale, marketed, marketed, and advertised on TEMU.COM, via its website link of: https://share.temu.com/QUWFDyerCtA

14. On or about April 19, 2024, PLAINTIFF made the purchase from Fresno, California from DEFENDANT TEMU.COM, through its marketplace on TEMU.COM that sold, supplied and distributed the SUBJECT PORTABLE STEAM SAUNA.

15. At all times mentioned herein, DEFENDANTS were engaged in the business of designing, manufacturing, fabricating, assembling, distributing, selling, inspecting, warranting, retailing, wholesaling, marketing, and/or advertising the SUBJECT PORTABLE STEAM SAUNA.

16. On or about April 26, 2024, PLAINTIFF was properly using the SUBJECT PORTABLE STEAM SAUNA. As PLAINTIFF was using the SUBJECT PORTABLE STEAM SAUNA, a malfunction occurred wherein the hose disconnected from the steam unit when suddenly and without warning burned Plaintiff's toes and foot resulting in serious injury to PLAINTIFF and ultimately resulting in amputation of all of his toes from his left foot.

17. DEFENDANTS, and each of them, are directly and vicariously liable for PLAINTIFF'S injuries and damages for advertising, marketing, supplying, distributing, and selling the SUBJECT PORTABLE STEAM SAUNA.

///

18. As a result of the burn, PLAINTIFF suffered severe, traumatic, debilitating, and permanent injuries, including amputation of his toes on his left foot that necessitated significant medical care.

19. DEFENDANTS, and each of them, state on TEMU.COM, as set forth below, that "The steam generator is equipped with a built-in protection function to prevent overheating and dry burning."

Details
Heating Method: Electric
Power Supply: Plug Powered
Operating Voltage: 110V
See more
Learn about dimensions
Frequently asked questions:
Is the steam generator not functioning?
The steam generator is equipped with a built-in protection function to prevent overheating and dry burning. If the water level becomes too low, the power supply will be automatically cut off, and the power indicator will turn off. After a 20-minute interval, it will automatically recover and can be used again once the water has been refilled. If the issue persists and the steam generator does not function properly, please utilize the internal messaging system to request a replacement.
Why did the lid crack?
If you wish to add essential oil, please use a small round white box provided for this purpose. Avoid adding essential oil directly to the water, as improper use can cause the lid to crack.
What should I do if the product I received is not working or damaged?
If you encounter any issues with the product not working or being broken upon arrival, it is likely a result of the transportation process. We apologize for the inconvenience caused and will arrange an immediate replacement for you.
What should I do if the temperature doesn't meet my expectations during use?
The temperature experienced during use depends on the current ambient temperature. If the area is cold, we highly recommend using our combination package or purchasing an additional steam generator. Typically, two steam generators are used simultaneously to achieve a more significant thermal effect.

Ipc Steam Sauna Spa Portable Sauna Tent At Home, Full Size Personal Wet Indoor Detox Therapy Steamer Fold Cabin
1K+ sold | Provided by (8.2K+ sold)  4.5 ★★★★★
$88.98 As low as $8.24/mo  $458.29
Pay over 12 months (rates from 10-36% APR)
✓ Free shipping special for you     Exclusive offer
Color: Black
Qty 1   Only 7 left
Add to cart
Provided by KOVFERO SAUNA OFFICE. Ships from Temu
Free shipping on orders shipped from Temu
Delivery: 17-34 business days, 73.5% within 22 business days
Get a $5.00 credit for late delivery
Courier company: DHL eCommerce, LaserShip, OnTrac, UPS, USPS,...
Free returns · Price adjustment
Sustainability at Temu (13M+ trees)
Shopping security
• Safe Payment Options  • Secure logistics  • Secure privacy
• Purchase protection

20. Statements made by DEFENDANTS, and each of them, on TEMU.COM regarding the safety of the SUBJECT PORTABLE STEAM SAUNA were incorrect, not true, misleading, and false.

## FIRST CAUSE OF ACTION

## NEGLIGENCE – FAILURE TO WARN

(By PLAINTIFF against DEFENDANTS and/or DOES 1-100.)

21. PLAINTIFF re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

22. DEFENDANTS, and each of them, designed, manufactured, promoted, marketed, advertised, sold, supplied and/or distributed the SUBJECT PORTABLE STEAM SAUNA.

23. DEFENDANTS, and each of them, were negligent when they designed, manufactured, promoted, marketed, advertised, sold, supplied and/or distributed the SUBJECT PORTABLE STEAM SAUNA.

24. PLAINTIFF is informed, believes, and thereon alleges that DEFENDANTS, and each of them, failed to properly warn of the dangers in the reasonable and intended use of the SUBJECT PORTABLE STEAM SAUNA.

25. PLAINTIFF has sustained severe injuries as a result of the SUBJECT PORTABLE STEAM SAUNA.

26. DEFENDANTS' negligence was a substantial factor in causing PLAINTIFF's harm.

27. PLAINTIFF requests the assessment of punitive damages against DEFENDANTS in an amount appropriate to punish or set an example of them, pursuant to *Civil Code* section 3294.

## SECOND CAUSE OF ACTION

## NEGLIGENT PRODUCTS LIABILITY

(By PLAINTIFF against DEFENDANTS and/or DOES 1-100)

28. PLAINTIFF re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

29. DEFENDANTS, and each of them, owed a duty to PLAINTIFF and the general public to exercise reasonable care in design and/or manufacture and/or warning, and/or inspecting, and/or supplying and/or sale and/or distribution of the SUBJECT PORTABLE STEAM SAUNA, to ensure it was safe for its reasonably foreseeable use.

30. DEFENDANTS, and each of them, negligently and/or failed to exercise reasonable care when they designed and/or manufactured and/or failed to warn, and/or inspected, and/or supplying and/or sale and/or distribution the SUBJECT PORTABLE STEAM SAUNA, such that it was dangerous and unsafe for its intended use and/or reasonably foreseeable use.

31. As a proximate result of said negligent conduct, PLAINTIFF suffered irreparable injuries as previously alleged.

32. The negligence of DEFENDANTS, and each of them, was a substantial factor in causing the serious injuries to PLAINTIFF, as previously alleged.

33. PLAINTIFF requests the assessment of punitive damages against DEFENDANTS in an amount appropriate to punish or set an example of them, pursuant to *Civil Code* section 3294.

### THIRD CAUSE OF ACTION

### STRICT PRODUCTS LIABILITY

(By PLAINTIFF against DEFENDANTS and/or DOES 1-100)

34. PLAINTIFF re-alleges and incorporates herein by references each and every allegation and statement contained in the prior paragraphs.

35. At all times mentioned herein, DEFENDANTS, and each of them, were engaged in the business of manufacturing, fabricating, designing, assembling, repairing, distributing, selling, inspecting, warranting, warning, marketing, and/or advertising the SUBJECT PORTABLE STEAM SAUNA.

36. PLAINTIFF is informed, believes, and thereon alleges that the SUBJECT PORTABLE STEAM SAUNA included design and/or manufacturing defects that resulted in PLAINTIFF's injuries, and that the SUBJECT PORTABLE STEAM SAUNA contained this defect when it was introduced into the stream of commerce.

37. PLAINTIFF is informed, believes, and thereon alleges that DEFENDANTS, and each of them, failed to properly warn of the dangers in the reasonable and intended use of the SUBJECT PORTABLE STEAM SAUNA.

38. As a direct result of the defective SUBJECT PORTABLE STEAM SAUNA and conduct of the DEFENDANTS, and each of them, PLAINTIFF has suffered serious injuries and damages.

39. PLAINTIFF requests the assessment of punitive damages against DEFENDANTS in an amount appropriate to punish or set an example of them, pursuant to *Civil Code* section 3294.

## FOURTH CAUSE OF ACTION

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

(By PLAINTIFF against DEFENDANTS and/or DOES 1-100)

40. PLAINTIFF re-alleges and incorporates herein by references each and every allegation and statement contained in the prior paragraphs.

41. PLAINTIFF is informed, believes, and thereon alleges that the SUBJECT PORTABLE STEAM SAUNA were purchased from DEFENDANTS, and each of them.

42. PLAINTIFF is informed, believes, and thereon alleges that at the time of purchase, DEFENDANTS, and each of them, were in the business of selling steam saunas, by their occupation held them out as having special knowledge or skill regarding these goods.

43. PLAINTIFF is informed, believes, and thereon alleges that the SUBJECT PORTABLE STEAM SAUNA was not of the same quality as those generally acceptable in the trade, was not fit for the ordinary purposes for which the SUBJECT PORTABLE STEAM SAUNA was used.

44. PLAINTIFF sustained irreparable injuries as a result of the defective SUBJECT PORTABLE STEAM SAUNA.

45. PLAINTIFF is informed, believes, thereon alleges that the failure of the SUBJECT PORTABLE STEAM SAUNA to have the expected quality was a substantial factor in causing serious injuries to PLAINTIFF.

46. PLAINTIFF requests the assessment of punitive damages against DEFENDANTS in an amount appropriate to punish or set an example of them, pursuant to *Civil Code* section 3294.

## FIFTH CAUSE OF ACTION

## NEGLIGENT MISREPRESENTATION

(By PLAINTIFF against DEFENDANTS and/or DOES 1-100)

47. PLAINTIFF re-alleges and incorporates herein by references each and every allegation and statement contained in the prior paragraphs.

///
PLAINTIFF'S COMPLAINT FOR DAMAGES ... ; DEMAND FOR JURY TRIAL

48. DEFENDANTS, and each of them, designed, manufactured, promoted, marketed, advertised, sold, supplied and/or distributed the SUBJECT PORTABLE STEAM SAUNA.

49. DEFENDANTS, and each of them, state on TEMU.COM, as set forth below, that "The steam generator is equipped with a built-in protection function to prevent overheating and dry burning."

50. DEFENDANTS' statements made on TEMU.COM regarding the safety and certification of the SUBJECT PORTABLE STEAM SAUNA were incorrect, not true, misleading, and false and although DEFENDANTS may have honestly believed that the representation were true, DEFENDANTS had no reasonable grounds for believing the representations were true when DEFENDANTS made them.

51. PLAINTIFF reasonably relied on the representations made about the safety and certifications of the SUBJECT PORTABLE STEAM SAUNA on TEMU.COM.

52. PLAINTIFF has sustained severe and permanent injuries, including amputation, as a result of the SUBJECT PORTABLE STEAM SAUNA.

53. PLAINTIFF's reliance on the representations made about the safety and certifications of the SUBJECT PORTABLE STEAM SAUNA on TEMU.COM was a substantial factor in causing PLAINTIFF's harm.

54. PLAINTIFF requests the assessment of punitive damages against DEFENDANTS in an amount appropriate to punish or set an example of them, pursuant to *Civil Code* section 3294.

## PRAYER FOR DAMAGES

WHEREFORE, PLAINTIFF ROBERT JOSEPH MARQUEZ hereby prays for judgment against Defendants TEMU.COM, a Delaware Corporation; PDD HOLDINGS, INC., f/k/a PINDUODUO, INC., a Delaware Corporation; WHALECO INC., a Delaware Corporation; ANHUI KANGFUBAO E-COMMERCE CO., LTD., business entity, form unknown; and DOES 1-100, inclusive, and each of them, as follows:

///

1. For general damages (also known as non-economic damages), including but not limited to, past and future physical, mental, and emotional pain and suffering in an amount in excess of the jurisdictional minimum, according to proof;

2. For special damages (also known as economic damages), including but not limited to, past and future hospital, medical, professional, and incidental expenses as well as past and future loss of earnings, loss of opportunity, and loss of earning capacity, in excess of the jurisdictional minimum, according to proof;

3. Punitive damages against DEFENDANTS in an amount that is to be ascertained;

4. Medical expenses incurred by PLAINTIFF;

5. PLAINTIFF's loss of earnings and earning capacity;

6. For cost of suit incurred herein, including attorney's fees, according to proof;

7. For damages for PLAINTIFF's other losses, according to proof;

8. For such other and further relief as the Court may deem just and proper.

Dated: August 14, 2024　　　　　　　　**ADAMSON AHDOOT LLP**

By: _____
ARASH NEMATOLLAHI
Attorneys for Plaintiff
ROBERT JOSEPH MARQUEZ

**DEMAND FOR TRIAL BY JURY**

Plaintiff ROBERT JOSEPH MARQUEZ hereby demands a trial by jury as to all causes of action.

Dated: August 14, 2024　　　　　　　　**ADAMSON AHDOOT LLP**

By: _____
ARASH NEMATOLLAHI
Attorneys for Plaintiff
ROBERT JOSEPH MARQUEZ