# EXHIBIT E

GIBSON, DUNN & CRUTCHER LLP
CHRISTOPHER CHORBA, SBN 216692
   cchorba@gibsondunn.com
WILLIAM E. THOMSON, SBN 187912
   wthomson@gibsondunn.com
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone:   213.229.7000
Facsimile:   213.229.7520

Attorneys for Defendant WHALECO INC.

E-FILED
10/18/2024 1:18 PM
Superior Court of California
County of Fresno
By: Estela Gonzalez, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF FRESNO

| | |
|---|---|
| ROBERT JOSEPH MARQUEZ, AN INDIVIDUAL,<br><br>         Plaintiff,<br><br>   v.<br><br>TEMU.COM, a Delaware Corporation; PDD HOLDINGS, INC., f/k/a PINDUODUO, INC., a Delaware Corporation; WHALECO INC., a Delaware Corporation; ANHUI KANGFUBAO E-COMMERCE CO., LTD., business entity, form unknown; and DOES 1-100, inclusive,<br><br>         Defendant. | CASE NO. 24CECG03494<br><br>UNLIMITED JURISDICTION<br><br>**DEFENDANT WHALECO INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>ASSIGNED FOR ALL PURPOSES TO: HON. JON M. SKILES<br>DEPARTMENT 403<br><br><br>Action Filed: August 14, 2024<br>Trial Date: None |

Defendant Whaleco Inc. ("Whaleco") hereby answers and responds to Plaintiff Robert Joseph Marquez's ("Plaintiff") Complaint as follows:

## GENERAL DENIAL

Whaleco generally and specifically denies each and every allegation in the unverified Complaint pursuant to section 431.30, subdivision (d), of the California Code of Civil Procedure, and further denies each and every purported cause of action against Whaleco set forth in the Complaint. Whaleco further denies that it has violated any law and denies that it has injured or damaged Plaintiff as alleged or in any manner whatsoever. Whaleco further denies that Plaintiff has sustained or will sustain any injuries or damages by reason of any alleged act or omission on the part of Whaleco or its agents, representatives, or employees.

## AFFIRMATIVE DEFENSES

By alleging the Affirmative Defenses set forth below, Whaleco intends no alteration of the burden of proof and/or burden of going forward with evidence that otherwise exists with respect to any particular issue at law or equity. Furthermore, all defenses pleaded below are based on Whaleco's current understanding of Plaintiff's claims, and are intended, among other things, to preserve all potential defenses upon further clarification of Plaintiff's claims and assertions. Whaleco expressly reserves the right to move to compel arbitration. Whaleco also expressly reserves the right to challenge this Court's personal jurisdiction.

## FIRST AFFIRMATIVE DEFENSE
### (Lack of Personal Jurisdiction)

Whaleco alleges, on information and belief, and without admitting any liability whatsoever, that the allegations in the Complaint are barred, in whole or in part, because Whaleco is not subject to personal jurisdiction. By filing this answer, Whaleco does not waive, and expressly reserves, its right to challenge this Court's personal jurisdiction.

## SECOND AFFIRMATIVE DEFENSE
### (Arbitration)

Whaleco alleges that Plaintiff entered a binding arbitration agreement that covers these claims, and that this suit was improperly filed in court and is subject to arbitration. Whaleco intends to move

to compel arbitration, does not waive its right to move to compel arbitration by filing this answer, and expressly reserves the right to move to compel arbitration.

## THIRD AFFIRMATIVE DEFENSE

### (Disclaimer of Warranties)

Whaleco alleges, without admitting any liability whatsoever, that the Complaint, and each cause of action alleged therein, fails because Whaleco expressly disclaimed all representations or warranties of any kind, express or implied, relating to the product at issue, including without limitation any warranties of products' condition, quality, durability, performance, accuracy, reliability, merchantability, fitness for a particular purpose or non-infringement, or any warranties of the content's accuracy, correctness, completeness or legality.

## FOURTH AFFIRMATIVE DEFENSE

### (Jurisdiction)

Whaleco alleges, without admitting any liability whatsoever, that jurisdiction is proper in federal court and expressly reserves the right to remove this action to federal court.

## FIFTH AFFIRMATIVE DEFENSE

### (Venue)

Whaleco alleges, without admitting any liability whatsoever, that venue is not proper in this Court, and expressly reserves the right to move to transfer venue.

## SIXTH AFFIRMATIVE DEFENSE

### (Service)

Whaleco alleges, without admitting any liability whatsoever, that the Complaint, and each cause of action alleged therein, fails due to insufficient process and/or insufficient service of process.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to State Facts Sufficient to Constitute a Cause of Action)

Whaleco alleges, without admitting any liability whatsoever, that the Complaint, and each cause of action alleged therein, fails to state facts sufficient to constitute any cause of action against Whaleco, and fails to state claims upon which relief can be granted.

### EIGHTH AFFIRMATIVE DEFENSE

**(Failure to Set Forth Facts with Reasonable Precision and Specific Particularity)**

Whaleco alleges, without admitting any liability whatsoever, that the Complaint, and each cause of action alleged therein, fails to set forth facts with reasonable precision and specific particularity and therefore fails due to uncertainty.

### NINTH AFFIRMATIVE DEFENSE

**(Failure to Join Necessary and Indispensable Parties)**

Whaleco alleges, on information and belief, and without admitting any liability whatsoever, that the Complaint, and each cause of action alleged therein, is barred because Plaintiff has failed to join all necessary and indispensable parties in the Complaint, without whom the causes of action asserted in the Complaint cannot fully, finally, and completely be resolved.

### TENTH AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

Whaleco alleges, on information and belief, and without admitting any liability whatsoever, that the Complaint, and each cause of action alleged therein, is barred, in whole or in part, by the applicable statutes of limitation, including, without limitation, California Code of Civil Procedure sections 335.1, 337.1, 338, 338.1, 339, 340.8, and 343, and any other applicable limitations period under the California Code of Civil Procedure, state common law, federal statute, or federal common law.

### ELEVENTH AFFIRMATIVE DEFENSE

**(Laches)**

Whaleco alleges, on information and belief, and without admitting any liability whatsoever, that the Complaint, and each cause of action alleged therein, is barred, in whole or in part, by the doctrine of laches.

### TWELFTH AFFIRMATIVE DEFENSE

**(Estoppel)**

Whaleco alleges, on information and belief, and without admitting any liability whatsoever, that the Complaint, and each cause of action alleged therein, is barred, in whole or in part, by the

doctrine of estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

Whaleco alleges, on information and belief, and without admitting any liability whatsoever, that the Complaint, and each cause of action alleged therein, is barred, in whole or in part, by the doctrine of waiver.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack of Causation)

Whaleco alleges, on information and belief, and without admitting any liability whatsoever, that it has not committed any acts or omissions that caused or contributed in any manner to any harm, injury, loss, or damage for which Plaintiff seeks recovery.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Negligence, Want of Care, Default, or Other Breach of Duty)

Whaleco alleges, on information and belief, and without admitting any liability whatsoever, that Plaintiff's damages, if any, were the result of an unavoidable accident insofar as Whaleco is concerned, were unintentional, and occurred without any negligence, want of care, default, or other breach of duty on the part of Whaleco.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Conformity with Industry Standards)

Whaleco alleges, on information and belief, and without admitting any liability whatsoever, that the Complaint, and each cause of action alleged therein, is barred, in whole or in part, because Whaleco acted in conformity with industry standards based upon the state of knowledge existing at the time alleged in the Complaint and therefore, Plaintiff is barred from any recovery in this action.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

Whaleco alleges, on information and belief, and without admitting any liability whatsoever, that it neither acted nor failed to act in a manner that was a legal (proximate) cause of Plaintiff's injuries.

## EIGHTEENTH AFFIRMATIVE DEFENSE

**(Intervening and Superseding Cause)**

Whaleco alleges, on information and belief, and without admitting any liability whatsoever, that any harm, loss, injury, or damage alleged in the Complaint was proximately caused by superseding and/or intervening acts for which Whaleco is not responsible.

## NINETEENTH AFFIRMATIVE DEFENSE

**(Other Persons as Sole Cause)**

Whaleco alleges, on information and belief, and without admitting any liability whatsoever, that any harm, loss, injury, or damage alleged in the Complaint was caused solely, directly, and proximately by the conduct of persons or entities other than Whaleco, and those persons or entities are solely responsible for any harm, loss, injury, or damage caused thereby.

## TWENTIETH AFFIRMATIVE DEFENSE

**(Acts or Omissions of Others)**

Whaleco alleges, without admitting any liability whatsoever, that the Complaint, and each cause of action alleged therein, is barred, in whole or in part, to the extent that damages, if any, for which Plaintiff seeks to hold Whaleco liable resulted, in whole or in part, from acts or omissions on the part of others, over whom Whaleco exercised no degree of control. Additionally, Whaleco alleges, without admitting any liability whatsoever, that the Complaint, and each cause of action alleged therein, is barred, in whole or in part, because the agency or instrumentality which caused the damages, if any, for which Plaintiff seeks to hold Whaleco liable was not within Whaleco's exclusive management or control.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

**(Contribution and Indemnity)**

Whaleco alleges, without admitting any liability whatsoever, that it is entitled to full contribution and indemnity from third parties, and that the amount of Plaintiff's recovery, if any, against Whaleco should be zero, or at least reduced in proportion to the fault and responsibilities of such third parties.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Legal Duty)

Whaleco alleges, without admitting any liability whatsoever, that the Complaint, and each cause of action therein, is barred, in whole or in part, because Whaleco did not owe any legal duty to Plaintiff or, if Whaleco did owe any such legal duty, which Whaleco explicitly denies, Whaleco did not breach that duty.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Exercise of Due Care)

To the extent Whaleco is found to have owed Plaintiff any legal duty, which Whaleco explicitly denies, and without admitting any liability whatsoever, Whaleco alleges that it has at all times exercised due care in compliance with statutory and regulatory requirements. Additionally, without admitting any liability whatsoever, Whaleco alleges that the Complaint, and each cause of action therein, is barred, in whole or in part, because matters alleged and complained about in the Complaint were consistent with available technology and were in compliance with applicable regulations, and alternative product design was not feasible or practical. Additionally, without admitting any liability whatsoever, Whaleco alleges that the Complaint, and each cause of action therein, is barred, in whole or in part, because Whaleco's knowledge of the product at issue is based on information provided by the seller.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Comparative Fault/Contributory Negligence – Plaintiff)

Whaleco alleges, on information and belief, and without admitting any liability whatsoever, that if it is responsible in any respect for any harm, loss, injury, or damage suffered by Plaintiff, which Whaleco explicitly denies, such harm, loss, injury, or damage has been caused by or contributed to by the negligent acts or omissions of Plaintiff and/or his agents, and Whaleco's proportional liability, if any, and which Whaleco explicitly denies, should be reduced to the extent thereof.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Comparative Fault/Contributory Negligence – Third Party)

Whaleco alleges, without admitting any liability whatsoever, that if it is responsible in any

respect for any harm, loss, injury, or damage suffered by Plaintiff, which Whaleco explicitly denies, such harm, loss, injury, or damage has been caused by or contributed to by the negligent acts or omissions of a third party over which Whaleco had neither the right, the duty, nor the opportunity to exercise control, and who acted or failed to act without the knowledge, participation, approval, or ratification of Whaleco, and Whaleco's proportional liability, if any, and which Whaleco explicitly denies, should be reduced to the extent thereof.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

Whaleco alleges, on information and belief, and without admitting any liability whatsoever, that Plaintiff knowingly assumed the risk of any harm, loss, injury, or damage alleged in the Complaint.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Ratification)

Whaleco alleges, without admitting any liability whatsoever, that, to the extent the Complaint alleges wrongful or tortious conduct, acts, or omissions by Whaleco's employees, agents, or any individual(s) allegedly acting or failing to act on Whaleco's behalf, the Complaint, and each cause of action alleged therein, is barred, in whole or in part, because Whaleco did not authorize, ratify, encourage, direct, and/or assist this conduct.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (No *Respondeat Superior* Liability)

Whaleco alleges, without admitting any liability whatsoever, that if any Whaleco employee engaged in wrongful or tortious conduct, acts, or omissions, such conduct was outside the course and scope of his or her employment and thus Whaleco may not be held liable for such conduct pursuant to the doctrine of *respondeat superior*.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (No Respondeat Superior Liability – Independent Contractors)

Whaleco alleges, without admitting any liability whatsoever, that if an independent contractor engaged in wrongful or tortious conduct, acts, or omissions, Whaleco may not be held liable for such conduct pursuant to the doctrine of *respondeat superior*.

### THIRTIETH AFFIRMATIVE DEFENSE

**(Violation of State and Federal Constitutional Provisions)**

Whaleco alleges, on information and belief, and without admitting any liability, that the claims in the Complaint are barred, in whole or in part, because they violate state and federal constitutional provisions, including but not limited to due process under the Fourteenth Amendment of the United States Constitution and the California Constitution and the takings clause of the Fifth Amendment of the United States Constitution as incorporated against the States by the Fourteenth Amendment and California Constitution Article I, section 19.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

**(Open and Obvious or Unavoidable Danger)**

Whaleco alleges, on information and belief, and without admitting any liability, that any danger referenced in the Complaint was open and obvious and/or unavoidable.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

**(Act of God)**

Whaleco alleges, on information and belief, and without admitting any liability, that Plaintiff's harm, loss, injury, or damage, if any, was caused by an act of God that Whaleco did not control, could not predict, and from which it did not have a duty to protect the Plaintiff, such that Plaintiff is barred from recovering for said harm, loss, injury, or damage.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

**(Apportionment of Non-Economic Damages)**

Whaleco alleges, on information and belief, and without admitting any liability, that Whaleco's liability, if any, and which Whaleco explicitly denies, for non-economic damages shall be several only and shall not be joint with any other existing or potential defendant, cross-complainant, or cross-defendant, or any other person or entity. Pursuant to California Civil Code sections 1431.1 and 1431.2, Whaleco can only be liable for the amount of non-economic damages, if any, allocated to it in direct proportion to its percentage of fault, if any, and which Whaleco explicitly denies, as determined at trial, and a separate judgment shall be rendered against Whaleco for that amount.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

**(Purely Economic Damages)**

Whaleco alleges, on information and belief, and without admitting any liability, that Plaintiff's claims are barred to the extent they seek to recover purely economic damages.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

**(Apportionment of Liability with Others)**

Whaleco alleges, without admitting any liability whatsoever, that, to the extent Whaleco is responsible in any respect for any harm, loss, injury, or damage suffered by Plaintiff, which Whaleco explicitly denies, such harm, loss, injury, or damage has been caused by or contributed to by others and Whaleco's proportional fault, if any, and which Whaleco explicitly denies, should be reduced to the extent thereof.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

**(Pre-Existing Injury/Illness)**

Whaleco alleges, on information and belief, and without admitting any liability whatsoever, that any harm, loss, injury, or damage alleged by Plaintiff is attributable to a pre-existing injury or illness suffered by Plaintiff.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

**(Failure to Avoid or Mitigate Damages)**

Whaleco alleges, on information and belief, and without admitting any liability whatsoever, that the Complaint, and each cause of action alleged therein, is barred, in whole or in part, by Plaintiff's and/or Plaintiff's agents' failure to take and/or delay in taking reasonable care and diligence to avoid or mitigate any harm, loss, injury, or damage they might have suffered.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

**(Not Real Party in Interest)**

Whaleco alleges, on information and belief, and without admitting any liability whatsoever, that Plaintiff may not be the real party in interest for some or all of the harm, loss, injury, or damage alleged in the Complaint.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

**(Limitation on Damages)**

Whaleco alleges, without admitting any liability whatsoever, that some or all of the damages sought in the Complaint cannot be awarded to Plaintiff because Plaintiff is not entitled to recover on claims of damages or losses paid as a result of coverage under any applicable policy of insurance.

**FORTIETH AFFIRMATIVE DEFENSE**

**(Limitation on Damages)**

Whaleco alleges, without admitting any liability whatsoever, that some or all of the damages sought in the Complaint cannot be awarded to Plaintiff because Plaintiff is not entitled to double recovery on claims of damages or losses.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

**(Speculative Damages)**

Whaleco alleges, without admitting any liability whatsoever, that the certain damages alleged in the Complaint are impermissibly remote and speculative, and Plaintiff is therefore barred from the recovery of such damages.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

**(Excessive Damages)**

Whaleco alleges, without admitting any liability whatsoever, that if it is responsible in any respect for any harm, loss, injury, or damage suffered by Plaintiff, which Whaleco explicitly denies, Whaleco is only obligated to the extent that such harm, loss, injury, or damage is reasonable and lawfully occurred.  Until reasonable discovery is completed, Whaleco denies that the injuries, damages, and expenses for which this Plaintiff seeks reimbursement are either reasonable or lawfully occurred.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

**(Excessive Damages)**

Whaleco alleges, without admitting any liability whatsoever, that the relief sought by the Complaint—including compensatory damages, attorneys' fees, and expenses—is grossly excessive, inequitable, punitive, duplicative, and arbitrary, such that it violates the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees)

Whaleco alleges, without admitting any liability whatsoever, that the Complaint fails to state a cause of action for which attorneys' fees may be awarded.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

### (Set Off)

Whaleco alleges, without admitting any liability whatsoever, that, should any damages be awarded against it, Whaleco is entitled to a set off for the entire amount of all damages or settlement amounts recovered by Plaintiff with respect to the same alleged injuries.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

### (Prior Release)

Whaleco alleges, on information and belief, without admitting any liability, that Plaintiff's claims may be barred by any release and/or releases by Plaintiff.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

### (Payment)

Whaleco alleges, without admitting any liability whatsoever, that, to the extent Plaintiff previously received payment for any harm, loss, injury, and/or damage alleged in the Complaint, the Complaint, and each purported cause of action therein, is barred in whole or in part.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

### (Consent)

Whaleco alleges, on information and belief, and without admitting any liability whatsoever, that certain allegations and purported causes of action contained in the Complaint may be barred because Plaintiff expressly or impliedly consented to the alleged conduct.

### FORTY-NINTH AFFIRMATIVE DEFENSE

### (Misuse; Alteration)

Whaleco alleges, on information and belief, and without admitting any liability whatsoever, that certain allegations and purported causes of action contained in the Complaint are barred because Plaintiff's injury resulted from an unforeseeable misuse or alteration of the product.

### FIFTIETH AFFIRMATIVE DEFENSE

### (Preemption)

Whaleco alleges, on information and belief, and without admitting any liability whatsoever, that certain allegations and purported causes of action contained in the Complaint are preempted by federal law.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

### (Benefits of Design Outweigh Risk)

Whaleco alleges, on information and belief, and without admitting any liability whatsoever, that certain allegations and purported causes of action contained in the Complaint are barred because the benefits of the design of the product outweigh any inherent dangers, of which there are none.

### FIFTY-SECOND AFFIRMATIVE DEFENSE

### (Adequate Warning)

Whaleco alleges, on information and belief, and without admitting any liability whatsoever, that certain allegations and purported causes of action contained in the Complaint are barred because the product contained an adequate warning, which Plaintiff failed to heed.

### FIFTY-THIRD AFFIRMATIVE DEFENSE

### (No Duty to Warn)

Whaleco alleges, on information and belief, and without admitting any liability whatsoever, that certain allegations and purported causes of action contained in the Complaint are barred because Whaleco owed Plaintiff no duty to warn.

### FIFTY-FOURTH AFFIRMATIVE DEFENSE

### (Punitive Damages)

Whaleco alleges, without admitting any liability whatsoever, that Plaintiff is barred from recovering exemplary or punitive damages because the Complaint fails to allege facts sufficient to allow an award of punitive or exemplary damages against Whaleco.  Moreover, because Plaintiff cannot show clear and convincing evidence of oppression, fraud, or malice as required by California Civil Code section 3294, no basis for an award of punitive damages exists.

### FIFTY-FIFTH AFFIRMATIVE DEFENSE

**(Punitive Damages – Due Process)**

Whaleco alleges, without admitting any liability whatsoever, that the imposition of punitive damages based upon evidence of Whaleco's wealth or financial status or conduct that did not harm Plaintiff would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

### FIFTY-SIXTH AFFIRMATIVE DEFENSE

**(Punitive Damages – Due Process)**

Whaleco alleges, without admitting any liability whatsoever, that Plaintiff's claims for punitive damages against Whaleco cannot be sustained because an award of punitive damages, subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum limit on the amount of punitive damages that may be imposed, would violate Whaleco's due process rights guaranteed by the United States Constitution and would violate Whaleco's right not to be subjected to an excessive award. Moreover, any award of punitive damages would be penal in nature, without according Whaleco the same protections that are accorded to criminal defendants, and would violate Whaleco's rights guaranteed by the United States Constitution. It would also violate Whaleco's rights to due process under the Constitution of the State of California and the public policies of the State of California.

### FIFTY-SEVENTH AFFIRMATIVE DEFENSE

**(Punitive Damages – Due Process)**

Whaleco alleges, without admitting any liability whatsoever, that Plaintiff's claims for punitive damages against Whaleco cannot be sustained because an award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate Whaleco's due process and equal protection rights guaranteed by the United States and the State of California.

### FIFTY-EIGHTH AFFIRMATIVE DEFENSE

### (Punitive Damages – Due Process)

Whaleco alleges, without admitting any liability whatsoever, that Plaintiff's claims for punitive damages against Whaleco cannot be sustained because the imposition of punitive damages in this case would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the due process guarantees of the California Constitution because the standards of liability for punitive damages in California are unduly vague and subjective, and permit retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental interest.

### FIFTY-NINTH AFFIRMATIVE DEFENSE

### (Punitive Damages – Lack of Notice)

Whaleco alleges, without admitting any liability whatsoever, that Plaintiff's claims for punitive damages cannot be sustained because the applicable standards for determining liability for, and the amount of, punitive damages fail to give Whaleco fair notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed, and are void for vagueness in violation of Whaleco's due process rights guaranteed by the United States Constitution. Such claims would also violate Whaleco's right to due process under the Constitution of the State of California and the public policies of the State of California.

### SIXTIETH AFFIRMATIVE DEFENSE

### (Punitive Damages – No Legitimate Deterrent)

Whaleco alleges, without admitting any liability whatsoever, that Plaintiff's claims for punitive damages are inappropriate because they would serve no legitimate deterrent or retributive purpose.

### SIXTY-FIRST AFFIRMATIVE DEFENSE

### (Reservation of Rights)

Whaleco has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, separate defenses available. Whaleco reserves the right to amend this Answer to add, delete, or modify defenses based upon legal theories which may or will be divulged through discovery, or through further legal analysis of Plaintiff's positions in this litigation.

## **PRAYER FOR RELIEF**

WHEREFORE, Whaleco prays as follows:

1. Plaintiff take nothing by the Complaint;

2. That the Complaint be dismissed in its entirety, with prejudice, and that judgment thereon be entered in favor of Whaleco and against Plaintiff;

3. For costs of suit incurred herein;

4. For attorneys' fees incurred herein, to the extent permitted by law; and

5. For any other and further relief as the Court may deem proper.

DATED: October 18, 2024　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　GIBSON, DUNN & CRUTCHER LLP
　　　　　　　　　　　　　　　　　　　　　CHRISTOPHER CHORBA
　　　　　　　　　　　　　　　　　　　　　WILLIAM E. THOMSON

　　　　　　　　　　　　　　　　　　　　　By: */s/ Christopher Chorba*
　　　　　　　　　　　　　　　　　　　　　　　　Christopher Chorba

　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant WHALECO INC.

# PROOF OF SERVICE

I, Cynthia Martinez, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen years and am not a party to this action. My business address is 3161 Michelson Drive, Irvine, CA 92612. On October 18, 2024, I served the following document(s):

**DEFENDANT WHALECO INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

on the parties stated below, by the following means of service:

Alan A. Ahdoot, Esq. (alan@aa.law)
Christopher B. Adamson, Esq. (christopher@aa.law)
Arash Nematollahi, Esq. (arash@aa.law)
ADAMSON AHDOOT LLP
1122 S. La Cienega Blvd.
Los Angeles, CA 90035
Tel:     310.888.0024
Fax: 888.895.4665

*Attorneys for Plaintiff*

☑ **BY ELECTRONIC SERVICE**: On the above-mentioned date, based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses as shown above.

☑ **(STATE)**     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 18, 2024.

_____
Cynthia Martinez